Stephen T. Burdick
vs. } Law No. 84373.
William O. Wood

March 23, 1932.

CHURCHILL, J. Heard on motion for a new trial after verdict for the plaintiff for $175, in an action for assault and battery.

The ground urged on the motion was that the verdict was inadequate.

The parties to the case owned adjoining farms and in the course of time

became embroiled in controversies which finally culminated in an assault and battery with a shovel wielded by the defendant.

It was in the discretion of the jury whether or not to award punitive damages, and, in view of a considerable volume of testimony showing provocation and previous threats on the part of the plaintiff, the jury were clearly right in not awarding damages on this score.

The shovel with which the assault was committed was an ordinary barn shovel and the number of blows inflicted did not clearly appear.

The plaintiff went to his home unassisted and it is admitted that he was not confined to his bed as a result of the affray.

Dr. Moore testified that the plaintiff was bruised on the shoulder and arm and that he suffered an injury to the 8th, 9th and 10th ribs on his left side. Whether the cartilage connecting the ribs was broken or strained was somewhat doubtful on all the medical testimony. Dr. Moore also testified that there was some limitation of strength and motion in the left arm.

Dr. Hascall, who examined the plaintiff some seven weeks after the date of the combat, testified that there were no objective indications of injury to the left side, either internal or external, and that there was no evidence of any injury to the lungs.

The plaintiff and his wife gave much testimony in regard to the pain and suffering endured by the plaintiff and as to his inability to work for some weeks after the occurrence, but on the other hand there was credible evidence on which the jury were warranted in believing that on the date of the assault there were no marks or bruises on plaintiff's body; that on the day after, he worked the greater part of the day at hay-making, operating a hay rake; that he at that time appeared to be in normal condition; that

he worked at his usual occupation of farming from that time on; that in November he was engaged in a kind of work which required great muscular activity and strength.

The plaintiff claimed to have laid out $62 in hiring a Mr. Johnson to do his work for him, but, owing to the fact that Johnson was not called as a witness, nor his absence explained, the jury were warranted in throwing out this claim.

To sum the matter up: on the credible evidence before them, the jury were warranted in finding that the injury was not severe enough to prevent the plaintiff from going about his affairs as usual and attending to his daily work on the farm, and on the medical evidence were warranted in finding that the injury was not serious.

On such a state of facts, $175 was not inadequate.

Motion for a new trial must be and is hereby denied.

For plaintiff: Malcolm D. Champlin.
For defendant: Luigi DePasquale.